1

2                      IN THE UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5    KARUK TRIBE OF CALIFORNIA,                    No. C 04-4275 SBA

6              Plaintiff,

        v.
7                                                  **ORDER**
     UNITED STATES FOREST SERVICE, et al.,         [Docket Nos. 76, 77]
8
              Defendants.
9

10   _____

11
          This matter comes before the Court on Walter H. Eason Jr.'s Motion to Intervene [Docket No. 76].
12
     Having read and considered the arguments presented by the parties and Walter H. Eason Jr. ("Eason") in the
13
     papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.  The
14
     Court hereby DENIES Eason's Motion to Intervene.
15
                                        **BACKGROUND**
16
     **A.    Factual Background**
17
          Plaintiff Karuk Tribe of California ("Plaintiff" or the "Tribe") is a federally-recognized Indian Tribe
18
     located in Happy Camp, California.  Second Amended Complaint ("SAC") ¶ 11.  The Tribe works to
19
     protect certain fish species and the water quality of the streams and rivers on the Six Rivers and Klamath
20
     National Forests.  *Id.* ¶ 12.
21
          Defendant United States Forest Service ("Forest Service") is an agency of the United States
22
     Department of Agriculture.  *Id.* ¶ 16.  Defendant Margaret Boland is the Supervisor for the Kalamath
23
     National Forest.  *Id.*  The Forest Service is responsible for implementing all laws and regulations relating to
24
     the management of the Six Rivers and Klamath National Forests.  *Id.* ¶ 16.
25
          Intervenor The New 49'ers, Inc. (the "New 49'ers") is a California corporation with a principal
26
     place of business in Happy Camp, California.  Miners' Answer to Second Amended Complaint ("Miners'
27
     Answer") ¶ 3.  The New 49'ers own or control numerous mining claims in a 60-mile area surrounding the
28

**United States District Court**
For the Northern District of California

1   Salmon, Klamath, and Scott Rivers.  SAC ¶¶ 36-37.  The New 49'ers also leases many of its mining claims

2   located along these rivers to its members.  Miners' Answer ¶ 3.  Intervenor Raymond W. Koons ("Koons")

3   is an individual who resides in Happy Camp.  *Id.*  He is also the owner of several unpatented mining claims

4   located around the Klamath River.  *Id.*  Koons leases his mining claims to the 49'ers.  *Id.*

5   **B.      Procedural Background**

6          On October 8, 2004, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against the United

7   States Forest Service, Jeff Walters, and Margaret Boland (collectively, "Defendants").  On October 15, 2004,

8   Plaintiff filed an Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint").  Pursuant

9   to a stipulation between the parties, Plaintiff's Amended Complaint was dismissed without prejudice on January

10   24, 2005.

11          On January 31, 2005, Plaintiff filed a Second Amended Complaint.  Plaintiff's Second Amended

12   Complaint seeks declaratory and injunctive relief arising from Defendants' allegedly improper management of

13   suction dredge, mechanical sluicing, and other mining operations in waterways and riparian areas within the

14   Klamath National Forest in northern California.  *Id.* ¶ 1.  The Second Amended Complaint challenges two

15   Directives issued by the Forest Service regarding the regulation of mining operations, including suction dredge

16   mining operations in waterways and riparian areas, and four Forest Service decisions allowing suction dredge

17   and other mining operations to occur pursuant to a Notice of Intent ("NOI") instead of a Plan of Operation

18   ("PoO").  *Id.* ¶ 2.[1]

19          The Second Amended Complaint is brought under the following statutory and regulatory schemes: (1)

20   the Endangered Species Act ("ESA"); (2) the National Forest Management Act ("NFMA"); (3) the Organic

21   Act; (4) the Organic Act's special use regulations; (5) the Forest Service's Mining regulations; (6) the Clean

22   Water Act ("CWA"); and (7) the National Environmental Policy Act ("NEPA").  *Id.* ¶¶ 94-127.  Plaintiff

23   asserts jurisdiction under the Administrative Procedure Act ("APA") and the citizen suit provision of the ESA.

24   *Id.* ¶ 8.

25

26   _____

27          [1]The Second Amended Complaint also challenged five instances in which the Forest Service required
     a PoO, but allegedly failed to comply with the additional requirements a PoO triggers.  *Id.* ¶ 3.  However, these
28   allegations, and Defendant Jeff Walters, have been dismissed from the lawsuit pursuant to a stipulation between
     the parties.

**United States District Court**
For the Northern District of California

On March 1, 2005, the New 49'ers and Koons (hereinafter the "Miners") filed a Motion to Intervene. On April 26, 2005, the Court granted the Miners' Motion to Intervene, but imposed certain limitations on the scope of the Miners' intervention. The Miners were also expressly informed that they would be required to adhere to the briefing schedule ordered by the Court at the April 26, 2005 Case Management Conference with respect to Plaintiff's Motion for Summary Judgment.

On April 29, 2005, Plaintiff filed a Motion for Summary Judgment. On May 17, 2005, as ordered by the Court at the Case Management Conference, Defendants and the Miners filed oppositions to Plaintiff's Motion for Summary Judgment.

On May 19, 2005, Eason filed the instant Motion to Intervene.

On May 24, 2005, Plaintiff filed a consolidated reply to Defendants' and the Miners' opposition briefs.

On May 31, 2005, Plaintiff and Defendants filed oppositions to Eason's Motion to Intervene.

## LEGAL STANDARD

**A.     Permissive Intervention**

Federal Rule of Civil Procedure 24(b)(2) governs permissive intervention. Rule 24(b)(2) states in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2).

An application who seeks permissive intervention must prove that he meets three threshold requirements: (1) a common question of law or fact with the main action; (2) timeliness; and (3) an independent basis for jurisdiction over the applicant's claims. *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996); *accord Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Even if an applicant satisfies those threshold requirements, the Court has discretion to deny permissive intervention. *See Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court"); *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). In exercising its discretion, the Court shall consider whether intervention will unduly delay the main

United States District Court

For the Northern District of California

1   action or will unfairly prejudice the existing parties.  *See* Fed. R. Civ. P. 24(b)(2).

2   **B.**      **Amicus Curiae**

3          The purpose of an amicus curiae is "to call the court's attention to law or facts or circumstances in a

4   matter then before it that may otherwise escape its consideration."  4 Am. Jur. 2d *Amicus Curiae* § 6 (2004).

5   The Ninth Circuit has held that the role of an amicus is to "assist[] in a case of general public interest,

6   supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-*

7   *Wohl Co., Inc. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982).  An amicus

8   cannot raise issues not already raised by the parties themselves. *National Comm'n on Egg Nutrition v. FTC*,

9   570 F.2d 157, 160 n.3 (7th Cir. 1977).  Further, the information submitted by an amicus must be "timely,

10  useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143,

11  165 (6th Cir. 1991).

12                                              **ANALYSIS**

13         In his Motion to Intervene, Eason seeks the Court's permission to intervene in this action so that he may

14  file an opposition to Plaintiff's Motion for Summary Judgment.  Alternatively, Eason seeks the Court's

15  permission to file his opposition brief as an amicus curiae.

16         As a preliminary matter, the Court notes that Eason's Motion to Intervene fails to comply with the

17  Federal Rules of Civil Procedure and the Civil Local Rules.  Specifically, Eason's motion fails to set forth any

18  argument, or authorities, in support of his request to intervene.  Instead, he vaguely refers to the Miners' Motion

19  to Intervene and declares that the Miners' briefing is "incorporated by . . . reference."  This falls woefully short

20  of what is required under Federal Rule of Civil Procedure 24 and Civil Local Rule 7-4(a).  *See* Fed. R. Civ.

21  P. 24(c) ("A person desiring to intervene shall serve a motion to intervene upon the parties . . . [t]he motion

22  shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for

23  which intervention is sought."); *see* Civ. Local R. 7-4(a).  Additionally, Eason has failed to comply with the

24  requirement in this Court's standing orders that all parties meet and confer prior to filing any motion.  Although

25  Eason claims to have consulted with the attorney for the Miners before filing his motion, he apparently made

26  no effort to contact either Plaintiff or Defendants.

27         Further, Eason's Motion to Intervene – filed on May 19, 2005 — is undisputedly untimely.  Indeed,

28

United States District Court

For the Northern District of California

1   Eason concedes this very fact by stating in his motion that he "attempted to confer with [counsel for the Miners]

2   concerning the matters presented in . . . [Eason's proposed opposition to the] Motion for Summary Judgment

3   . . . [but] *there was not enough time to debate them fully with him*."  Mot. to Intervene at 2:6-9

4   (emphasis added).  Eason is the only one to blame for the untimeliness of his motion.  This case has been

5   pending since October 2004.  The parties' Joint Case Management Conference Statement, which was filed on

6   March 29, 2005 and is a matter of public record, indicated that the parties agreed to resolve this dispute on

7   an expedited basis by filing a motion for summary judgment to be heard on or before the commencement of

8   the mining season in July 2005.  Pursuant to the parties' agreement, the Court approved a June 21, 2005

9   hearing for Plaintiff's Motion for Summary Judgment.  Due to the complexity of the case, including the need for

10  the Court to review a voluminous administrative record, the Court ordered the parties to submit their papers

11  such that briefing on this matter would be closed by May 24, 2005.  Although the Court granted the Miners'

12  Motion to Intervene, it did so only with the express condition that the Miners be held to the briefing schedule

13  ordered by the Court.  Eason has not presented the Court with any compelling reason why the Court should

14  permit him to intervene after all of the briefing on this matter has been submitted.

15      In fact, permitting Eason to intervene at this stage in the proceedings would be prejudicial to the parties.

16  Eason's proposed opposition brief asserts many novel legal theories that would needlessly distract this Court

17  from the task at hand, which is a review of the administrative record pursuant to the Administrative Procedure

18  Act.  Specifically, Eason's proposed opposition brief asserts that: (1) the Forest Service lacks jurisdiction to

19  regulate section drudge mining because California holds title to the stream beds of navigable waters on National

20  Forest System land; (2) that California state mining permits are the equivalent of the plan of operations required

21  by federal regulations; and (3) that the Forest Service lacks jurisdiction to regulate mining in all areas designated

22  as "mineral lands."  As noted by Defendants, Eason has not even demonstrated that he, or any other current

23  party to the litigation, has standing to assert many of these claims.  *See Northern Plains Res. Council v.*

24  *Lujan*, 874 F.2d 661, 667 (9th Cir. 1989).  Further, even as an amicus, Eason is not entitled to interject new

25  issues into the proceedings that have not already been raised by the parties themselves.  *See, e.g., National*

26  *Comm'n on Egg Nutrition v. FTC*, 570 F.2d at 160 n.3 (7th Cir. 1977).  Since Eason has not provided the

27  Court with any information that is timely, useful, or otherwise necessary to the administration of justice, and

28

5

since Eason's intervention at this stage in the proceedings would prejudice the parties and needlessly cause delay, the Court hereby DENIES Eason's Motion to Intervene and DENIES Eason's alternate request to proceed as an amicus curiae.

### **CONCLUSION**

IT IS HEREBY ORDERED THAT Eason's Motion to Intervene [Docket No. 76] is DENIED. Accordingly, Eason's Proposed Opposition to Plaintiff's Motion for Summary Judgment [Docket No. 77] is hereby STRICKEN FROM THE RECORD.

IT IS SO ORDERED.

Dated: 6-13-05

 /s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge