IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KARUK TRIBE OF CALIFORNIA,

      Plaintiff,

v.

UNITED STATES FOREST SERVICE, et al.,

      Defendants.

No. C 04-4275 SBA

**ORDER**

[Docket Nos. 73]

_____

      This matter comes before the Court on the Motion of Siskiyou Regional Education Project for Leave to File a Brief as an Amicus Curiae ("Siskiyou Project's Motion for Leave to File an Amicus Brief") [Docket No. 73]. Having read and considered the arguments presented in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby DENIES the Siskiyou Project's Motion for Leave to File an Amicus Brief.

## BACKGROUND

**A.    Procedural Background**

      On October 8, 2004, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against the United States Forest Service, Jeff Walters, and Margaret Boland (collectively, "Defendants"). On October 15, 2004, Plaintiff filed an Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"). Pursuant to a stipulation between the parties, Plaintiff's Amended Complaint was dismissed without prejudice on January 24, 2005.

      On January 31, 2005, Plaintiff filed a Second Amended Complaint. Plaintiff's Second Amended Complaint seeks declaratory and injunctive relief arising from Defendants' allegedly improper management of suction dredge and other mining operations in waterways and riparian areas within the Klamath National Forest in northern California. *Id.* ¶ 1. The Second Amended Complaint challenges Forest Service decisions allowing suction dredge and other mining operations to occur pursuant to a Notice of Intent ("NOI") instead of a Plan

1    of Operation ("PoO"). *Id.* ¶ 2.[1]

2    On March 1, 2005, the New 49'ers and Koons (hereinafter the "Miners") filed a Motion to Intervene. On April 26, 2005, the Court granted the Miners' Motion to Intervene, but imposed certain limitations on the scope of the Miners' intervention. The Miners were also expressly informed that they would be required to adhere to the briefing schedule ordered by the Court at the April 26, 2005 Case Management Conference with respect to Plaintiff's Motion for Summary Judgment.

On April 29, 2005, Plaintiff filed a Motion for Summary Judgment. On May 17, 2005, as ordered by the Court at the Case Management Conference, Defendants and the Miners filed oppositions to Plaintiff's Motion for Summary Judgment.

On May 20, 2005, the Siskiyou Regional Education Project filed the instant Motion for Leave to File an Amicus Brief.

On May 24, 2005, Plaintiff filed a consolidated reply to Defendants' and the Miners' opposition briefs.

On June 7, 2005, Defendants filed an opposition to Siskiyou's Motion for Leave to File an Amicus Brief.

**LEGAL STANDARD**

The purpose of an amicus curiae is "to call the court's attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration." 4 Am. Jur. 2d *Amicus Curiae* § 6 (2004). The Ninth Circuit has held that the role of an amicus is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). An amicus cannot raise issues not already raised by the parties themselves. *National Comm'n on Egg Nutrition v. FTC*, 570 F.2d 157, 160 n.3 (7th Cir. 1977). Further, the information submitted by an amicus must be "timely, useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

---

[1] Initially, the Second Amended Complaint also challenged five instances in which the Forest Service required a PoO, but allegedly failed to comply with the additional requirements a PoO triggers. *Id.* ¶ 3. However, these allegations, and Defendant Jeff Walters, were dismissed from the lawsuit pursuant to a stipulation between the parties.

## ANALYSIS

In Siskiyou Project's Motion for Leave to File an Amicus Brief, the Siskiyou Regional Education Project (hereinafter "Siskiyou Project") seeks leave to file an amicus brief in support of Plaintiff's Motion for Summary Judgment. The Siskiyou Project is a non-profit conservation and education group based in Cave Junction, Oregon that has been involved in numerous lawsuits against the Forest Service. Siskiyou Mot. at 1:11-19. In fact, the Siskiyou Project is currently litigating against the Forest Service in the United States District Court of Oregon. *Id.* at 1:24. Through its proposed amicus brief, the Siskiyou Project seeks to provide the court with the "history of the development and implementation of [standard] MM-1 [of the Northwest Forest Plan]." *Id.* at 1:23-24.

Whether to permit a nonparty to submit an amicus brief is a matter of judicial discretion. *National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). Although the function of an amicus is to assist the Court, it is also recognized that "[a]micus curiae briefs can be a real burden on the court . . . [and can] impose[] a burden of study and . . . response on the parties." *Id.* Accordingly, it is of the utmost importance that the amicus brief be "timely, useful, or otherwise necessary to the administration of justice." *Michigan*, 940 F.2d at 165.

Here, it is beyond dispute that the proposed amicus brief is untimely. Indeed, despite the fact that this case has been pending since October 2004, the Siskiyou Project sought leave to file an amicus brief only four days before Plaintiff's reply brief was due, and, significantly, several days after Defendants' only scheduled brief on the merits was filed. Incomprehensibly, the Siskiyou Project also noticed its Motion to be heard a week *after* the scheduled hearing on Plaintiff's Motion for Summary Judgment. The Court finds the untimeliness of the Siskiyou Project's Motion simply inexcusable, especially in light of fact that Plaintiff and the Siskiyou Project share the same legal counsel. *See* Def's Opp. to Siskiyou Mot. at Ex. 1.

Moreover, the Court finds that the proposed amicus brief is not useful or otherwise necessary to the administration of justice. The Siskiyou Project's subjective belief that it is in a better position than the Forest Service, or Plaintiff, to provide the court with a history of the development and implementation of the Northwest Forest Plan is without merit. In fact, it is clear that the Siskiyou Project's perspective is highly partisan and completely dependent upon an administrative record that was created as a result of its own litigation against

the Forest Service. Further, the documents the Siskiyou Project refers to in its proposed brief are neither properly authenticated nor complete. Indeed, the Siskiyou Project appears to have selectively "hand-picked" documents from the administrative record created in its own case and has not provided the Court with complete copies of many of the documents. Moreover, most of the documents the Siskiyou Project refers to in its proposed brief concern the Siskiyou National Forest and are therefore of questionable relevance here. Due to these numerous deficiencies, the Court DENIES the Siskiyou Project' Motion for Leave to File an Amicus Brief.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Siskiyou Project's Motion for Leave to File an Amicus Brief [Docket No. 73] is DENIED. Accordingly, the Siskiyou Project's proposed amicus brief is STRICKEN FROM THE RECORD.

IT IS SO ORDERED.

Dated: 6/30/05

 s/Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge