1   KELLY A. JOHNSON
    Acting Assistant Attorney General
2   BARCLAY T. SAMFORD (NM SBN 12323)
    Trial Attorney
3   United States Department of Justice
    Environment and Natural Resources Division
4   Suite 945, North Tower
    999 18th Street
5   Denver, CO 80202
    Telephone:   (303) 312-7362
6   Facsimile:    (303) 312-7379
    Clay.Samford@usdoj.gov
7   BRIAN C. TOTH (Virginia SBN 48843)
    Trial Attorney
8   United States Department of Justice
    Environment and Natural Resources Division
9   P.O. Box 663
    Washington, D.C. 20044-0663
10  Telephone:   (202) 305-0639
    Facsimile:    (202) 305-0506
11  Brian.Toth@usdoj.gov

12  KEVIN V. RYAN (SBN 118321)
    United States Attorney
13  CHARLES M. O'CONNOR (SBN 56320)
    Assistant United States Attorney
14  Environment & Natural Resources Unit
    450 Golden Gate Avenue, Box 36055
15  San Francisco, California 94102
    Telephone:  (415) 436-7180
16  Facsimile:   (415) 436-6748

17  Attorneys for Federal Defendants

18              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
19              SAN FRANCISCO DIVISION

20  KARUK TRIBE OF CALIFORNIA,          )
                                         )   Civ. No. 04-4275 (SBA)
21              Plaintiff,               )
                                         )   **FEDERAL DEFENDANTS'**
22  v.                                   )   **MOTION TO STAY PLAINTIFF'S**
                                         )   **PETITION FOR ATTORNEYS'**
23  UNITED STATES FOREST SERVICE;        )   **FEES**
    MARGARET BOLAND, Forest Supervisor,  )
24  Klamath National Forest,             )
                                         )
25              Federal Defendants,      )   Date:   January 31, 2006
                                         )   Time:  1 p.m.
26  and                                  )   Ctrm:  3, 3rd Floor
                                         )   Judge: Hon. Saundra B. Armstrong
27  THE NEW 49ers, Inc. and RAYMOND KOONS, )
                                         )
28              Defendant-Intervenors.   )

**MOTION**

COME NOW defendants the United States Forest Service ("Forest Service") and Margaraet Boland in her official capacity as Forest Supervisor of the Klamath National Forest (collectively, "Federal Defendants"), who move to stay the litigation of Plaintiff's petition under the Equal Access to Justice Act ("EAJA") for fees and costs. [Doc. No. 107].   Federal Defendants have consulted with counsel for Plaintiff, who opposes this motion.  Federal Defendants' motion is noticed for January 31,  2006, at 1 p.m. before the Honorable Saundra Brown Armstrong, Courtroom 3, 3rd Floor, United States District Courthouse, 1301 Clay Street, Oakland, CA 94612.  The parties are filing herewith a stipulated schedule seeking to expedite the briefing on Defendants' motion to stay, such that the Court has the opportunity to consider the motion to stay the fee petition before Defendants' opposition to the fee petition is due.  For the reasons in the following memorandum, the Court should grant Federal Defendants' motion.  A proposed order is being filed herewith.

**MEMORANDUM**

Federal Defendants hereby request that the Court stay the litigation of Plaintiff's petition for attorneys' fees until the conclusion of Plaintiff's appeal before the Ninth Circuit Court of Appeals.  Despite the fact that Plaintiff lost the majority of its case--indeed, *every single claim* that was actually briefed on the merits–Plaintiff now seeks compensation of over $115,000.00 for work by four separate attorneys.  Plaintiff bases its claim to an award of fees on the fact that the parties entered a short stipulated order dismissing Plaintiff's challenges to several plans of operations prior to any briefing of the merits of those claims.  While the remainder of Plaintiff's case, which it lost entirely, is on appeal to the Ninth Circuit, Plaintiff is seeking compensation related to the limited claims that were settled through the stipulated dismissal.

The Court should stay the litigation of Plaintiff's fee petition for two important reasons.  First, a stay would avoid the piecemeal litigation that would result should this Court's summary judgment ruling be reversed by the Court of Appeals.  In such a situation, the Court would have to evaluate twice whether Plaintiff is entitled to fees--once now, and again at the conclusion of Plaintiff's appeal when they would undoubtedly seek fees for that appeal and other work before

1   the district court on any claims that might be reversed.  Staying the litigation of the fee petition

2   until the conclusion of the appeal would therefore promote judicial economy by only requiring

3   the Court to review the fee application once.  Second, staying Plaintiff's fee petition would avoid

4   the risk that Plaintiff might be overcompensated should it seek fees following appeal.  In

5   particular, Plaintiff is now seeking fees for work done prior to the date of the stipulated

6   dismissal.  By its own admission, however, Plaintiff has not separated its work by the claims

7   involved in the case, so Plaintiff is effectively claiming fees for work on issues resolved by the

8   stipulation *and* for its work on issues currently pending before the Ninth Circuit.  <u>See, e.g.</u>, Pl.'s

9   Decl. of Roger Flynn ("Flynn Decl.") ¶ 7 (some larger tasks, including researching and writing

10  the parties' pleadings, "were not specifically delineated by issue"); Pl.'s Decl. of Jeffrey C.

11  Parsons ("Parsons Decl.") ¶ 7 (same); Pl.'s Decl. of Joshua Borger ("Borger Decl.") ¶ 6 (same).

12  If successful on appeal, Plaintiff might choose to bring a second fee application seeking

13  compensation for some of those same hours.  The Court would be in a better position to evaluate

14  whether Plaintiff is seeking double recovery if it is able to evaluate all of Plaintiff's requested

15  hours at once, rather than in the piecemeal fashion that would occur if the litigation were not

16  stayed.  For these reasons, Federal Defendants' motion to stay litigation of Plaintiff's fee petition

17  should be granted.

18                              **PROCEDURAL HISTORY**

19          This action involved challenges under the National Environmental Policy Act ("NEPA"),

20  National Forest Management Act ("NFMA"), Endangered Species Act ("ESA"), and other

21  statutes and regulations, to suction dredge mining operations on the Klamath National Forest.

22  On April 22, 2005, prior to briefing on the merits, the parties entered a stipulation resolving

23  Plaintiff's claims against five plans of operation.  [Docket No. 50].  The parties then briefed the

24  merits of Plaintiff's remaining claims.  On July 1, 2005, the Court denied Plaintiff's motion for

25  summary judgment. [Docket No. 104]  The Court entered final judgment in favor of Federal

26  Defendants on July 11, 2005 and the case was closed. [Docket No. 105].

27

28

1    Plaintiff filed a notice of appeal on September 9, 2005, indicating that it would be

2    docketing an appeal in the Ninth Circuit Court of Appeals.  On October 7, 2005, Plaintiff filed a

3    petition seeking attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").

4    Plaintiff seeks an award of $115,652.21 for claims that were subject to a stipulated motion to

5    dismiss that was entered prior to the commencement of summary judgment briefing. [Docket No.

6    107].

7                                    **ARGUMENT**

8         The EAJA provides a limited waiver of sovereign immunity for attorneys' fees and costs

9    against the United States in cases where Plaintiff is a prevailing party, and in which Plaintiff

10   demonstrates by a preponderance of the evidence that the federal government's actions were not

11   substantially justified.

12        The Court "has broad discretion to stay proceedings as an incident to its power to control

13   its own docket."  Clinton v. Jones, 520 U.S. 681, 707-08 (1997) (citing Landis v. North

14   American Co., 299 U.S. 248, 254 (1936)).  This discretionary power extends to the timing of

15   consideration for petitions for attorney's fees while the matter is under appeal.  See, e.g, Glaxo

16   Group Limited v. Apotex, Inc., 272 F.Supp.2d 772, 778 (N.D. Ill. 2003) (exercising discretion to

17   stay fee petition until conclusion of appeal).  See also, 1st Westco Corp. v. School District of

18   Philadelphia, 1993 WL 117539 (E.D. Pa. 1993) (staying fee petition pending conclusion of appeal

19   and noting that "[t]o indulge in the prolix task of parsing the plaintiffs' fee petition with the

20   requisite sharp pencil, only to find that that jurisprudential adventure in adjudication turned out

21   to be but an academic exercise, would be the epitome of judicial diseconomy.  I do not find that

22   plaintiffs in this case will suffer undue hardship from having to wait a few months to receive

23   their award of attorneys' fees, should their ultimate entitlement therefor be determined.").

24        Here, a stay of Plaintiff's fee petition is appropriate because it will promote judicial

25   economy and will avoid the risk of overcompensation in the event that Plaintiff is successful on

26   appeal.  First, a stay is in the interest of judicial economy.  As the Ninth Circuit has stated in

27   another context, waiting until after all appeals have been exhausted to adjudicate a fee

28

1   application "avoids the possibility that multiple fee applications will be necessary, a weighty

2   consideration given that EAJA fees are intended specifically for individuals with limited

3   resources." Al-Harbi v. Immigration and Naturalization Serv., 284 F.3d 1080, 1084 (9th Cir.

4   2002).  Given that it would save both the resources of the Court and the parties to consider a fee

5   application by Plaintiff once at the conclusion of all appeals, rather than twice, a stay is clearly in

6   the interest of judicial economy.

7       A good example of how a stay would promote judicial economy is demonstrated by the

8   requirement in EAJA that fees may be only allowed if the United States' position was not

9   "substantially justified." 28 U.S.C. § 2412(d)(1)(A).  Substantial justification in this context

10  means "justification to a degree that could satisfy a reasonable person." Pierce v. Underwood,

11  487 U.S. 552, 565 (1988).  In determining substantial justification, court must consider "the

12  reasonableness of both the underlying government action at issue and the position asserted by the

13  government in defending the validity of the action in court," or in other words, the government's

14  litigating position.  See Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th

15  Cir.1990) (quotations omitted).  Further, when determining the reasonableness of the

16  government's litigation position, the Court must look to the entirety of the case, not just what

17  occurs in the district court.  See United States v. Rubin, 97 F.3d 373, 375 (9th Cir.1996) (EAJA

18  "favors treating a case as an inclusive whole, rather than as atomized line items") (quoting

19  Comm'r , INS v. Jean, 496 U.S. 154, 161-62 (1990)); Bullfrog Films, Inc. v. Wick, 959 F.2d

20  782, 784 (9th Cir. 1992)  ("The district court is to take into account the totality of the

21  circumstances in deciding whether the government's position is substantially justified.").

22      In the event that the Court's summary judgment decision is reversed on appeal, the Court

23  will have to entertain two fee petitions and, for both of them, would have to inquire whether,

24  based on the case as a whole, the government's position was substantially justified.  This

25  completely redundant inquiry would be avoided by staying Plaintiff's current petition and

26  evaluating the issue of fees once after all litigation is complete.  Moreover, because the Court's

27  inquiry into the reasonableness of the government's litigation position must be made on the basis

28

1   of the case as an "inclusive whole," <u>Rubin</u>, 97 F.3d at 375, and because that inquiry may be

2   influenced by the outcome of the litigation in the Court of Appeals, the Court cannot fully

3   evaluate whether the Government's position was substantially justified at this time.  Thus,

4   judicial economy is clearly promoted by granting the motion to stay.

5         In addition to promoting judicial economy and economy of the parties, granting the stay

6   would avoid the risk that Plaintiffs will be overcompensated for the time spent on this case.

7   Plaintiff seeks compensation for work that is allegedly related to the parties' stipulated request

8   for dismissal of certain of Plaintiff's claims prior to briefing on the merits.  However, Plaintiff

9   openly admits that it has not separated its work by the claims involved in the case.  <u>See, e.g.</u>,

10  Pl.'s Decl. of Roger Flynn ("Flynn Decl.") ¶ 7 (some larger tasks, including researching and

11  writing the parties' pleadings, "were not specifically delineated by issue"); Pl.'s Decl. of Jeffrey

12  C. Parsons ("Parsons Decl.") ¶ 7 (same); Pl.'s Decl. of Joshua Borger ("Borger Decl.") ¶ 6

13  (same).  Thus, Plaintiff is not only claiming compensation for work on issues resolved by

14  stipulation, but also for issues that it lost in this Court and which are pending before the Ninth

15  Circuit.

16        Although Defendants question whether such undifferentiated billing is ever appropriate,

17  it is clear that here it creates great risk of over compensation.  If successful on appeal, Plaintiff

18  might choose to bring a second fee application seeking compensation for some of those same

19  hours, and if unsuccessful on appeal, Plaintiff will have received payment for work on claims for

20  which it did not prevail.  The Court will be better situated to evaluate whether Plaintiff is seeking

21  double recovery or payment for issues on which it did not prevail if it evaluates all of Plaintiff's

22  requested hours at once, rather than in the piecemeal fashion currently sought by Plaintiff.  Thus,

23  not only would a stay promote judicial economy, but it would also better avoid a result that

24  overcompensated Plaintiff for the hours spent on its case.

25  **CONCLUSION**

26        For the foregoing reasons, Federal Defendants' motion to stay litigation of Plaintiff's fee

27  petition should be granted.

28

1    Respectfully submitted this 9th day of November 2005,

2

3                                            KELLY A. JOHNSON
                                             Acting Assistant Attorney General

4                                            Environment and Natural Resources Division

5                                              /s/ Barclay Samford
                                             BARCLAY T. SAMFORD (NM SBN 12323)
6                                            Trial Attorney
                                             United States Department of Justice
7                                            Environment and Natural Resources Division
                                             Suite 945, North Tower
8                                            999 18th Street
                                             Denver, CO 80202
9                                            Telephone:    (303) 312-7362
                                             Facsimile:    (303) 312-7379
10                                           Clay.Samford@usdoj.gov
                                             BRIAN C. TOTH (Virginia SBN 48843)
11                                           Trial Attorney
                                             United States Department of Justice
12                                           Environment and Natural Resources Division
                                             P.O. Box 663
13                                           Washington, D.C. 20044-0663
                                             Telephone:    (202) 305-0639
14                                           Facsimile:    (202) 305-0506
                                             Brian.Toth@usdoj.gov

15

16

17   Of Counsel:

18   ROSE MISKOVSKY
     U.S. Department of Agriculture
     Office of General Counsel
19   33 New Montgomery Street, 17th Floor
     San Francisco, CA 94105-1924
20   Telephone:    (415) 744-3158
     Facsimile:    (415) 744-3170

21

22                                           Attorneys for Federal Defendants.

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2005, I electronically filed the foregoing FEDERAL DEFENDANTS' MOTION TO STAY LITIGATION OF PLAINTIFF'S PETITION FOR ATTORNEYS' FEES, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Joshua Borger | srmeredith@envirolaw.org |
| James Russell Wheaton | sarah-rose@thefirstamendment.org |
| Roger Flynn & Jeffrey C. Parson | wmap@igc.org |
| Robert Dabney Eastham | dabneylaw@sisqtel.net |
| James L. Buchal | Counsel@buchal.com, ccaldwell@mbllp.com |

/s/ Barclay Samford

1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

2

**OAKLAND DIVISION**

3    KARUK TRIBE OF CALIFORNIA,                    )
                                                  )    Civ. No. 04-4275 (SBA)
4                                 Plaintiff,       )
                                                  )    **[proposed] ORDER GRANTING**
5    v.                                           )    **FEDERAL DEFENDANTS'**
                                                  )    **MOTION TO STAY**
6    UNITED STATES FOREST SERVICE;                )    **PLAINTIFF'S PETITION**
     MARGARET BOLAND, Forest Supervisor,          )    **FOR ATTORNEYS' FEES**
7    Klamath National Forest,                     )
                                                  )
8                          Federal Defendants,    )
                                                  )
9    and                                          )
                                                  )
10   THE NEW 49ers, Inc. and RAYMOND KOONS,       )
                                                  )
11                     Defendant-Intervenors.     )

12          The matter is before the Court upon Federal Defendants' motion to stay litigation of

13   Plaintiff's petition for attorneys' fees.  It is hereby ORDERED that Federal Defendants' motion

14   is GRANTED.  Litigation on Plaintiffs' fee petition is hereby STAYED.  If Plaintiffs wish to

15   renew their fee petition at the conclusion of their appeal, they shall do so by filing a request to

16   lift the stay within 30 days of the expiration of the time required for filing for a certiorari petition

17   after any decision by the Court of Appeals.

18   It is SO ORDERED.

19

20   Dated:                          _____
                                     HON. SAUNDRA BROWN ARMSTRONG
21                                   United States District Judge

22

23

24

25

26

27

28