**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| KARUK TRIBE OF CALIFORNIA, ) | Civ. No. 04-4275 (SBA) |
| Plaintiff, ) | |
| ) | **MODIFIED ORDER** |
| v. ) | **GRANTING FEDERAL** |
| ) | **DEFENDANTS' MOTION TO** |
| UNITED STATES FOREST SERVICE; ) | **STAY PLAINTIFF'S PETITION** |
| MARGARET BOLAND, Forest Supervisor, ) | **FOR ATTORNEYS' FEES** |
| Klamath National Forest, ) | |
| ) | [Docket Nos. 107, 117] |
| Federal Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| THE NEW 49ers, Inc. and RAYMOND KOONS, ) | |
| ) | |
| Defendant-Intervenors. ) | |

The matter is before the Court upon Federal Defendants' motion to stay litigation of Plaintiff's petition for attorneys' fees and expenses until this case is resolved on appeal. Good cause exists for a stay: it will conserve judicial resources by preventing the consideration of multiple petitions; it will avoid the possibility that Plaintiff is overcompensated for this case; and it will assist the Court in its inquiry into whether the position of the United States was substantially justified. As set forth below, nothing in Plaintiff's opposition brief demonstrates that the requested stay should not be granted.

## BACKGROUND

This action involved challenges under the National Environmental Policy Act ("NEPA"), National Forest Management Act ("NFMA"), Endangered Species Act ("ESA"), and other statutes and regulations, to suction dredge mining operations on the Klamath National Forest. On April 22, 2005, prior to briefing on the merits, the parties entered a stipulation resolving Plaintiff's claims against five plans of operation. [Docket No. 50]. The parties then briefed the

merits of Plaintiff's remaining claims.  On July 1, 2005, the Court denied Plaintiff's motion for summary judgment. [Docket No. 104]  The Court entered final judgment in favor of Federal Defendants on July 11, 2005, and the case was closed. [Docket No. 105].

Plaintiff filed a notice of appeal on September 9, 2005, indicating that it would be docketing an appeal in the Ninth Circuit Court of Appeals.  On October 7, 2005, Plaintiff filed a petition seeking attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Plaintiff seeks an award of $115,652.21 for claims that were subject to a stipulated motion to dismiss that was entered prior to the beginning of summary judgment briefing. [Docket No. 107].

On November 9, 2005, Federal Defendants filed a motion to stay Plaintiffs' fee petition until the conclusion of any appeal in the Ninth Circuit. [Docket No. 117].  Pursuant to a stipulated schedule entered by this Court, Plaintiffs filed an opposition to the motion to stay on December 5, 2005. [Docket No. 120].  Federal Defendants filed their reply memorandum on December 12, 2005. [Docket No. 121].  Pursuant to Civil L.R. 7-1(b), the Court finds that this motion is appropriate for resolution without oral argument.

## ANALYSIS

The EAJA provides a limited waiver of sovereign immunity for attorneys' fees and costs against the United States in cases where Plaintiff is a prevailing party, unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  See 28 U.S.C. §§ 2412(a), 2412(d)(1)(A).  Federal Defendants argue that the Court has power to stay Plaintiff's motion, and that such a stay is appropriate because it would promote judicial economy and avoid the risk of overcompensation should Plaintiff decide to file a second fee petition following its appeal.  Federal Defendants also argue that Plaintiff has not demonstrated that it would be prejudiced by a stay.  Each of these arguments is addressed below.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 707-08 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).  This discretionary power extends to the timing of consideration for petitions for attorney's fees while the matter is under appeal.  See, e.g., Glaxo Group Limited v. Apotex, Inc., 272 F.Supp.2d 772, 778 (N.D. Ill. 2003) (exercising discretion to

stay fee petition until conclusion of appeal); <u>1st Westco Corp. v. School District of Phildelphia</u>, 1993 WL 117539 (E.D. Pa. 1993) (same); <u>see also</u> <u>Oberdorfer v. Glickman</u>, 2001 WL 34045732 (D. Or. Sept. 14, 2001) (noting defendants' motion to postpone consideration of petition for fees under EAJA until conclusion of appeal was granted).  Plaintiff does not argue that this Court lacks the discretionary power to stay a fee petition pending resolution of an appeal.  Indeed, such stays are not unusual and are within the Court's discretion.  <u>See</u> <u>Jones</u>, 520 U.S. at 707-08; <u>Glaxo</u>, 272 F.Supp.2d at 778.[1]

      A stay of Plaintiff's fee petition is appropriate because it would promote judicial economy and avoid the risk of overcompensation in the event that Plaintiff is successful on appeal.  First, a stay is in the interest of judicial economy.  As the Ninth Circuit has stated in another context, waiting until after all appeals have been exhausted to adjudicate a fee application "avoids the possibility that multiple fee applications will be necessary, a weighty consideration given that EAJA fees are intended specifically for individuals with limited resources."  <u>Al-Harbi v. Immigration and Naturalization Serv.</u>, 284 F.3d 1080, 1084 (9th Cir. 2002).  Given that it would save both the resources of the Court and the parties to consider a fee application by Plaintiff once at the conclusion of all appeals, rather than twice, a stay would promote the interest of judicial economy.

      In its opposition, Plaintiff does not dispute that judicial resources would be saved by litigating one fee petition rather than two.  Instead, Plaintiff urges the Court to depart from the Supreme Court's admonition that the substantial justification inquiry should be conducted based on the case "as an inclusive whole," <u>Comm'r INS v. Jean</u>, 496 U.S. 154, 161-62 (1990), and instead urges that the disposition of the case on appeal is irrelevant because the claims it settled are "entirely separate" from the claims it litigated and lost.  Pl.'s Resp. at 8.  Plaintiff, however, points to no caselaw that would justify departing from the well-established principle that the

---

[1] Plaintiff seeks to distinguish <u>Glaxo Group</u> and <u>1st Westco Corp.</u> on grounds that the fee petitions involved in those cases were brought under fee shifting statutes other than EAJA.  This distinction is irrelevant:  Plaintiff points to nothing particular to the EAJA statute that would suggest that Congress intended to deprive the Court of its "broad discretion to stay proceedings as an incident to its power to control its own docket."  <u>Jones</u>, 520 U.S. at 706-07.

substantial justification inquiry is based on the entire case. United States v. Rubin, 97 F.3d 373, 375 (9th Cir.1996) (EAJA "favors treating a case as an inclusive whole, rather than as atomized line items") (quoting Jean, 496 U.S. at 161-62); Bullfrog Films, Inc. v. Wick, 959 F.2d 782, 784 (9th Cir. 1992)  ("The district court is to take into account the totality of the circumstances in deciding whether the government's position is substantially justified.").

A stay would also avoid the risk that Plaintiff will be overcompensated for time spent on this case.  Plaintiff's timesheets do not specify which claim particular hours were expended on, and as a consequence, Plaintiff is seeking an award of fees both for the claims it settled and the claims that it lost.  See, e.g., Oberdorfer, 2001 WL 34045732 (disallowing compensation for undifferentiated "block-billing" where the Court could not assess the time spent on specific tasks).  If fees were awarded at this time and if the Plaintiff lost on appeal, then Plaintiff will have received compensation for claims for which it was not a prevailing party and will thus have been overcompensated.  Similarly, if fees were awarded at this time and Plaintiff prevailed on appeal, then the Court and parties would be forced to determine the hours for which Plaintiff had already been compensated.  Both of these problems are easily avoided by staying Plaintiff's fee petition until its appeal has concluded.

Finally, Plaintiff argues that it may be a year or more before oral argument on its appeal is scheduled, and that a stay would therefore impose "undue hardship" on the Plaintiff.  Pl.'s Resp. at 9.  Plaintiff, however, has not proffered any actual evidence of hardship.  When weighed against the benefits of a stay discussed above, Plaintiff's allegation of hardship fails to provide an sufficient basis for denying Defendants' motion to stay.  See Jones, 520 U.S. at 707-08.

**CONCLUSION**

Based on the foregoing analysis, it is hereby ORDERED that Federal Defendants' Motion to Stay [Docket No. 117] is GRANTED.

IT IS FURTHER ORDERED THAT Plaintiffs' Motion for Attorney's Fees and Expenses [Docket No. 107] is hereby DENIED WITHOUT PREJUDICE.  The February 28, 2006 hearing on Plaintiff's Motion for Attorney's Fees and Expenses is therefore VACATED.  Plaintiff is hereby granted leave to re-file its Motion for Attorney's Fees and Expenses and supporting

1 declarations no later than thirty (30) days following the expiration of the time required for filing
2 a certiorari petition after any decision by the Court of Appeals.
3 IT IS SO ORDERED.

Dated: 1/30/06

                     *Saundra B Armstrong*
                     HON. SAUNDRA BROWN ARMSTRONG
                     United States District Judge